UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
JOHN A. MILIA,                                              :
                                                            :
                              Petitioner,                   :      11 Civ. 7792 (PAE) (MHD)
                                                            :
              -v-                                           :      OPINION & ORDER
                                                            :
CAROLYN W. COLVIN, *Acting Commissioner of*                 :
*Social Security*,                                          :
                                                            :
                              Respondent.                   :
                                                            :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff John A. Milia ("Milia") brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), which denied Milia's application for disability insurance benefits under Title II of the Social Security Act. Both sides have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Before the Court is the June 26, 2014 Report and Recommendation of Magistrate Judge Michael H. Dollinger, recommending that the Court grant Milia's motion, deny the Commissioner's motion, and remand the case to the Commissioner for further development of the record. Dkt. 26 (the "Report").

      For the reasons that follow, the Court adopts the Report in full.

**I.     Background**[1]

Milia is a 28-year-old high-school graduate who was working as a warehouse laborer when, on July 17, 2008, he tripped on a shipping pallet while carrying an 80-pound load and fell, striking his back and head on the floor.

On August 6, 2009, Milia filed an application for disability insurance benefits, alleging that he had been disabled since the date of his injury. After the Social Security Administration denied Milia's application for benefits on November 9, 2009, Milia timely requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On February 17, 2011, Milia testified at a video hearing before ALJ Robert Gonzalez.

On April 25, 2011, the ALJ issued a decision concluding that Milia was not disabled within the meaning of the Act between July 17, 2008 and September 30, 2010. Employing the five-step sequential evaluation process set out in 20 C.F.R. § 404.1520(a)(4),[2] the ALJ found at step one that Milia was not engaged in substantial gainful activity and, at step two, that Milia

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, to which neither party objects.

[2] The Second Circuit has defined the five-step sequential evaluation process as follows:

> The first step of this process requires the Secretary [of Health and Human Services] to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits her capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity to perform her past relevant work. Finally, if the claimant is unable to perform her past relevant work, the Secretary determines whether the claimant is capable of performing any other work.

*Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing 20 C.F.R. § 404.1520(a)(4)).

suffered from several "severe" impairments—namely, cervical and lumbar strain, cervical impingement, herniated thoracic disk, mild traumatic brain injury/cognitive disorder, depression, anxiety, and headaches. At step three, the ALJ found that Milia's severe impairments did not render him *per se* disabled, as they did not meet or medically equal the specified criteria of any listed impairment. The ALJ therefore moved to the assessment at step four, which "focuses on whether, despite a disability claimant's severe impairments, the claimant 'possesses the residual functional capacity ("RFC") to perform her past relevant work.'" *Cichocki v. Astrue*, 729 F.3d 172, 175 (2d Cir. 2013) (quoting *Perez*, 77 F.3d at 46).

At step four, the ALJ determined that Milia could perform light work as defined in 20 C.F.R. § 404.1567(b), except that he acknowledged that Milia was limited to jobs that would require him to understand, remember, and carry out only simple tasks and engage only occasionally in postural positions. Having found Milia capable of light work with certain limitations, the ALJ concluded, at step four, that Milia was unable to perform any past relevant work. Specifically, the ALJ found that Milia was unable to perform the warehouse labor he was engaged in when he was injured.

The ALJ therefore proceeded to step five of his evaluation, in which he relied primarily on the Social Security Administration's Medical-Vocational Guidelines found in Appendix 2 of Part 404, Subpart P (also known as "the Grids"), *see* 20 C.F.R. § 404, Subpt. P, App. 2, to inform his determination of disability status. The ALJ noted that Milia was age 24 when he was injured, had a high school education, and was able to communicate in English; in light of the ALJ's conclusion that Milia had the RFC to perform the full range of light work, and "considering the claimant's age, education and work experience," the ALJ concluded that the Grids would direct a

finding of "not disabled." *See* Report at 54. Accordingly, the ALJ concluded, at step five of his evaluation, that Milia was not disabled within the meaning of the Social Security Act.

On September 6, 2011, the Appeals Council denied Milia's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision.

On November 1, 2011, Milia commenced this action. *See* Dkt. 1 ("Complaint"). Milia asserts that the ALJ: (1) failed to follow the treating-physician rule and to give appropriate weight to the opinions of Milia's treating doctors or his examining doctors; (2) erred in his assessment of Milia's credibility and in dismissing his subjective complaints of pain; (3) did not support his assessment of Milia's RFC for light work with substantial evidence in the record; and (4) erred in failing to obtain testimony from a vocational expert and in relying exclusively on the Grids, despite evidence of Milia's significant non-exertional impairments.

On March 7, 2012, the Court referred the case to Judge Dollinger. Dkt. 5. On March 12, 2012, the Commissioner answered. Dkt. 6. On June 20, 2012, Milia filed a motion for judgment on the pleadings, Dkt. 12, and a supporting memorandum of law, Dkt. 13 ("Pet. Br."). On June 21, 2012, the Commissioner filed a cross-motion for judgment on the pleadings, Dkt. 17, and a supporting memorandum of law, Dkt. 18 ("Resp. Br.").

On June 26, 2014, Judge Dollinger issued his Report and Recommendation on the parties' cross-motions for judgment on the pleadings. *See* Report. Judge Dollinger concluded that the ALJ erred in: (1) his application of the treating physician rule; (2) his assessment of Milia's RFC to perform light work; (3) his assessment of Milia's credibility; and (4) his failure to obtain testimony from a vocational expert at step five of his evaluation. In light of these errors, Judge Dollinger recommended that the Court vacate the ALJ's decision, and remand the case to the Commissioner for further development of the record.

The Report stated that the parties were required to file any objections within 14 days of the date of the Report's issuance. *See* Report at 87. To date, the Court has not received any objections.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Careful review of Judge Dollinger's thorough and well-reasoned Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusion that several evidentiary gaps exist in the record, and that the ALJ committed a number of legal errors. On remand, the Commissioner is directed, consistent with Judge Dollinger's Report, to: (1) expand the evidentiary record in pertinent areas; (2) articulate reasons, if any, for discounting the findings of treating sources or for discrediting Milia's description of his pain and other limitations; (3) consider the combined effect of Milia's impairments on his RFC; and (4) correct all other deficiencies noted in the Report. The Report, which is incorporated by reference herein, is therefore adopted without modification.

## CONCLUSION

For the reasons articulated in the Report, the Court grants Milia's motion for judgment on the pleadings, denies the Commissioner's cross-motion for judgment on the pleadings, and remands the case to the Commissioner for further development of the record. The Clerk of Court is directed to terminate the motions pending at docket numbers 12 and 17 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: July 17, 2014
       New York, New York